## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

JOEL E. CHANDLER, DEBORAH S. CHANDLER,
and ROBERT S. CHANDLER, individually, and on
behalf of all others similarly situated,

       Plaintiffs,

vs.

STEPHANIE C. KOPELOUSOS, in her official
capacity as Secretary of the Florida Department
of Transportation,
FANEUIL, INC.,
STEPHANIE C. KOPELOUSOS, individually
KEVIN J. THIBAULT, individually,
RICHARD D. NELSON, individually,
RON RUSSO, individually,
BILL GRIMM, individually,
DENISE GARCIA, individually,
MILISSA BURGER, individually, and
FRANKIE A. COOK, individually.

       Defendants.

_____/

**<u>CLASS REPRESENTATION</u>**
**<u>DEMAND FOR JURY TRIAL</u>**

Case No.

## <u>COMPLAINT</u>

     JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER,

individually, and on behalf of all others similarly situated, by and through undersigned

counsel and pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby sue

STEPHANIE C. KOPELOUSOS, in her official capacity as Secretary of the Florida

Department of Transportation, FANEUIL, INC., STEPHANIE C. KOPELOUSOS,

individually, KEVIN J. THIBAULT, individually, RICHARD D. NELSON, individually,

RON RUSSO, individually, BILL GRIMM, individually, DENISE GARCIA, individually, MILISSA BURGER, individually, and FRANKIE A. COOK, individually, and allege as follows:

## INTRODUCTION

1.     This is a class action on behalf of all persons who, when travelling on Florida's Turnpike System, have tendered sufficient cash to pay the required toll, and have been detained by toll facility personnel until they provided personal information in exchange for their release.   This class action includes passengers in the vehicles of such persons as well.

## JURISDICTION

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343.  This Court has pendent jurisdiction over the state claw claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.     Venue of this legal action is properly within this Court as the acts and omissions of Defendants that give rise to this Action occurred and may continue to occur in Polk County, Florida, which is located within the Middle District of Florida. Further, Defendants provide personnel, including toll collectors who work on the Florida Turnpike system, or Defendants are employed by FLORIDA DEPARTMENT OF TRANSPORTATION (FDOT) directly, or through the FDOT business unit known as FLORIDA'S TURNPIKE ENTERPRISE (FTE) which operates every FDOT-owned and operated toll road and bridge, including the Polk County Parkway located in Polk County, Florida.

## PARTIES

4.      Plaintiffs, JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER, have been unlawfully detained either as motorists or passengers on FDOT-owned and operated toll roads, including the Polk County Parkway, and further, at material times were, residents of Lakeland, Florida, a municipality located within Polk County.

5.      Defendant, STEPHANIE C. KOPELOUSOS, in her official capacity as Secretary of the Florida Department of Transportation is the lead state official in charge of FDOT, and is responsible for guidance of the FDOT and all subsidiaries in instituting all policies and procedures, including bill detection procedures, the related unlawful detentions of motorists and passengers, and the use of Bill Detection Reports.

6.      FANEUIL, INC., ("FANEUIL") is a corporation incorporated under the laws of Delaware, having its principal place of business in Virginia.  FANEUIL provides toll facility personnel, including toll collector and toll collector supervisor personnel for toll facilities on Florida's Turnpike and other toll roadways operated by the State of Florida Department of Transportation ("FDOT").  FANEUIL maintains an office in Polk County, Florida.

7.      Defendants STEPHANIE C. KOPELOUSOS, KEVIN J. THIBAULT, RICHARD D. NELSON, RON RUSSO, BILL GRIMM, DENISE GARCIA, MILISSA BURGER, and FRANKIE A. COOK, are employees of FDOT (collectively, "FDOT Defendants Individually"), either directly or through FTE, who have managed toll facility personnel and who have created, revised, approved, taken part in, and implemented FDOT policies relating to the claims in this lawsuit.  Further details regarding these individual Defendants are provided below:

a.      STEPHANIE C. KOPELOUSOS, Secretary of FDOT: STEPHANIE C.

KOPELOUSOS is the lead state official in charge of FDOT, and is responsible for

guidance of the FDOT and all subsidiaries in instituting all policies and

procedures, including bill detection procedures, the related unlawful detentions of

motorists and passengers, and the use of Bill Detection Reports.

b.      KEVIN J. THIBAULT, Interim Executive Director, FTE:  KEVIN J.

THIBAULT is responsible for guidance of Florida Turnpike Enterprise, including

bill detection procedures, the related unlawful detentions of motorists and

passengers, and the use of Bill Detection Reports.  He temporarily stopped bill

detection procedures on July 22, 2010.

c.      RICHARD D. NELSON, Director of Toll Operations, FTE:  RICHARD D.

NELSON is responsible for all toll operations on the Florida Turnpike System.

This includes, but is not limited to, the collection of toll revenue, bill detection

procedures, the related unlawful detentions of motorists and passengers, and the

use of Bill Detection Reports.

d.      RON RUSSO, Inspector General, FDOT:  RON RUSSO is charged with

enforcing the law within the jurisdiction of the Florida Department of

Transportation.  When notified that the bill detection procedures, the related

unlawful detentions of motorists and passengers, and the use of Bill Detection

Reports were illegal, he took no action to stop the activity.

e.      BILL GRIMM, Tampa Regional Investigator, FTE: BILL GRIMM assisted

with the implementation of the bill detection procedures and directed toll booth

operators to write down personal descriptions of motorists on Bill Detection

Reports at their discretion.

f.      DENISE GARCIA, FTE: DENISE GARCIA provided guidance to toll supervisors on procedural implementation of bill detection policies, including the unlawful detentions of motorists and passengers, under the direction of MILISSA BURGER.  This included when to use the Bill Detection Reports and what to do with collected forms.

g.      MILISSA BURGER, Deputy Director Toll Operations, FTE:  MILISSA BURGER directed implementation of bill detection procedures, the related unlawful detentions of motorists and passengers, and the use of Bill Detection Reports, including writing and receiving emails regarding those efforts.  She informed recipients of such email correspondence specifically not to copy the legal department on their response to her emails.

h.      FRANKIE A. COOK, Tampa Region Toll Manager, FTE: FRANKIE A. COOK provided guidance to toll supervisors on procedural implementation of bill detection policies, including the unlawful detentions of motorists and passengers, under the direction of MILISSA BURGER.  This included when to use Bill Detection Reports and what to do with collected forms.

## **GENERAL ALLEGATIONS**

8.      Pursuant to Florida law, FDOT is responsible for the operation and maintenance of Florida's Turnpike System (hereinafter "Turnpike System") as well as every  FDOT owned and operated toll road and bridge comprising approximately 600 miles of roadway and 80 percent of all toll facilities in Florida.

9.      FDOT is required by State law to charge and collect tolls for the use of the Turnpike System pursuant to Florida Statute §338.231.

10.     FANEUIL provides and has at all times relevant to this law suit provided toll collection personnel to collect tolls on Florida's Turnpike and other toll roadways operated by FDOT.

11.     Toll collection personnel provided by FANEUIL ("toll collectors" or "toll operators") follow the directions and instructions of FDOT and are subordinate to FDOT's designated representatives while on duty for FDOT.

12.     For approximately four years, FDOT and FANEUIL have engaged in a practice of detaining motorists and their passengers on the Turnpike System until such motorists provided certain personal information in exchange for their release.

13.     The motorists and passengers have been detained without their consent and without legal justification.

14.     FDOT advises vehicle occupants not to get out of vehicles at toll facilities and that backing up at toll facilities is illegal and very dangerous.

15.     FDOT has a policy of detaining motorists who pay a toll with cash in a denomination of $50 or higher and requiring such motorists to provide personal information in exchange for the release of the motorist and passengers.

16.     FDOT has authorized toll collectors to detain motorists and passengers paying in denominations smaller than $50 at the toll collectors' discretion.  Persons paying tolls in denominations as low as $5 have been detained by toll collectors until they provided personal information in exchange for their release.

17.     The personal information recorded by toll collectors includes, but is not limited to the vehicle make, model, color, tag number, and state of issuance.  Other information such as the vehicle occupants' race, gender, and relative age has also been recorded.

18.    Upon information and belief, toll collectors have required motorists to provide additional personal information, including drivers license information in exchange for their release.

19.    The personal information is recorded on a form known as a "Bill Detection Report."

20.    Information recorded on Bill Detection Reports by toll collectors is collected and retained by FDOT.

21.    Toll collectors have threatened motorists that they would employ the assistance of Law Enforcement Officers in the motorists' detention and in procuring the motorists' personal information when motorists have resisted toll collectors' demands for personal information in exchange for their release.

22.    The policy of detaining motorists without their consent and without legal justification extended throughout the Turnpike System and was so permanent and well settled that it constituted custom, practice or policy which has the force of law and rises to the level of deliberate indifference to Plaintiff's and class members' Constitutional rights.

23.    The policy of detaining motorists without their consent and without legal justification was well-known to all Defendants in this action.

24.    Defendants had actual, constructive or imputed knowledge of the FDOT policy, practice or custom whereby motorists and their passengers were unlawfully detained on the Turnpike System and forced to provide personal information in exchange for their release.

## CLASS REPRESENTATION ALLEGATIONS

### Definition of the Class

25.     Plaintiffs bring this Action as a class action on behalf of all motorists who have been detained by toll collectors on roadways operated by FDOT and have been required to provide personal information as recorded on a Bill Detection Report in exchange for their release.  Passengers in such vehicles are included as well.

### Numerosity

26.     The members of the Class are so numerous that separate joinder of each member is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

27.     Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the class consists of approximately 262,800 members.  There are eight separate roadways in Florida's Turnpike System with numerous toll plazas on each roadway.  One toll collector estimated she had detained at least three (3) motorists per day over the course of four years.  Based on the number of toll plazas and detentions above, together with documents reviewed pursuant to a public records request, Plaintiffs have calculated the class size to include at least 262,800 motorists from October 2006 to the present date.

### Commonality

28.     There is a well-defined community of interest in the questions of law and fact involved in this case.  The claims of the representative party raise questions of law and fact common to those questions of law and fact raised by the claims of each member of the class. Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the questions of law and fact that are common to the claims of the representative party and the claims of each member of the class include:  (a) Whether Defendants violated

motorists' and passengers' Fourth Amendment Rights by detaining them without their consent and without legal justification; (b) whether FANEUIL and FDOT Defendants Individually acted under the color of state law when they detained motorists without their consent and without legal justification; (c) whether detention of motorists and demand for personal information in exchange for their release by FANEUIL and FDOT Defendants Individually was so established in the operation of the Turnpike System that it constituted a custom, practice or policy of FDOT; (d) whether FANEUIL employees who unlawfully detained motorists did so at the direction and under the instruction of FDOT; (e) whether FDOT Defendants Individually personally participated in the unlawful detention of motorists; (f) whether the lack of proper training and supervision of toll collectors by FDOT Defendants Individually reached a level of deliberate indifference to motorists' and passengers' constitutional rights.

29.     The claims of Plaintiffs, JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER  are typical of those Class members.  Pursuant to Rule 23(a)(2), the Plaintiffs, JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER, and all Class Members were equally affected by the Defendants' detention of motorists and their passengers without their consent and without legal justification.

30.     Individual plaintiffs are unlikely to bring actions on an individual basis because the typical profile of plaintiffs in this action are motorists who are no longer being unlawfully detained and are unaware of the sharing of their personal information after they were so detained.

***Typciality***.   *Fed. R. Civ. P. Rule 23(a)(3)*

31.   The claims of Plaintiffs, JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER are typical of the individual class members in that the CHANDLERS, like all of the class members, were either motorists or passengers who were detained against their will and without legal justification.

***Adequacy*** Fed. R. Civ. P. Rule 23(a)(4)

32.   Plaintiffs can, and will, fairly and adequately protect and represent the interests of the Class. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Plaintiffs are mature, stable, and responsible individuals interested in the fair and equitable adjudication of all class claims.  Plaintiffs are willing and able to fully and faithfully participate in this litigation from its inception to conclusion.  Plaintiffs have personal knowledge about the facts and circumstances regarding this controversy. Plaintiffs have no interests which conflict with those interests of the class.

33.   Class Counsel are experienced in class action litigation, having participated in class actions in the state of Florida.  Class counsel possesses the requisite financial resource to maintain this litigation on behalf of the Plaintiffs and class members.

***Claims Maintainable***  Fed. R. Civ. P. Rule 23(b).

34.   The claims are maintainable as a class action because the prerequisites of Federal Rule of Civil Procedure, Rule 23(b)(1) are satisfied.  The prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct on behalf of the Defendants or adjudications with respect to individuals which would as a practical matter be dispositive

of the interests of the other members not parties to the adjudications or substantially impair or impede the ability to protect their interests.

35.     The claims are maintainable as a class action because the prerequisites of Federal Rule of Civil Procedure, Rule 23(b)(3) are satisfied.  The questions of law and fact common to class members predominate over any questions affecting only individual members, and that class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

a.     The common questions to class members that predominate over any questions affecting individual members include: (i) Whether Defendants violated motorists' and passengers' Fourth Amendment Rights by detaining them without their consent and without legal justification; (ii) whether Defendants acted under the color of state law when they detained motorists and passengers without their consent and without legal justification; (iii) whether Defendants' unlawful detention of motorists and passengers and demand for their personal information in exchange for their release was so established in the operation of the Turnpike System that it constituted a custom, practice or policy of FDOT; (iv) whether FANEUIL employees who unlawfully detained motorists and passengers did so at the direction and under the instruction of FDOT; (vi) whether FDOT Defendants Individually personally participated in the unlawful detention of motorists and passengers; (vii) whether the lack of proper training and supervision of toll collectors in connection with the unlawful detentions by FDOT Defendants Individually reached a level of deliberate indifference to motorists' and passengers' constitutional rights.

b.      Class action is superior to alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein.   Such treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that would arise from the filing and litigation of numerous individual actions;

c.      There are no likely difficulties to be encountered in the management of this class action that would preclude its maintenance as a class action;

d.      No superior alternative exists for the fair and efficient adjudication of the controversy;

36.     Defendants have acted on grounds generally applicable to the class which Plaintiffs represent as a whole, thereby making final injunctive relief  appropriate for the class as a whole, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

37.     All conditions precedent to the maintenance of this action have been waived or satisfied.

## COUNT I – PROSPECTIVE INJUNCTION

**By JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER individually, and Class Plaintiffs against all Defendants**

38.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

39.     Plaintiffs and Class Plaintiffs possess constitutional rights under the Fourth Amendment against unreasonable searches and seizures and under the Fourteenth Amendment against deprivations of liberty without due process of law.

40.     Defendants, either by acting as an official of the state, as employees of the state, or jointly engaging with the state, unlawfully detained motorists and

passengers on the Turnpike System until such motorists provided personal information, and thus, acted under the color of law.

41.     Defendants detained or seized Plaintiffs as well as Class Plaintiffs without their consent or legal justification and forced them to provide personal information in exchange for their release, in violation of Plaintiffs' and Class Plaintiffs' Fourth and Fourteenth Amendment rights.

42.     It is believed that Defendants will continue the widespread practice of unlawful detentions and will continue to force vehicle occupants to provide personal information in exchange for their release, all in violation of Plaintiffs' and Class Plaintiffs' Fourth and Fourteenth Amendment rights.

43.     Plaintiffs and the class they represent have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a permanent injunction is their only means of securing adequate relief.  Plaintiffs and the class they represent are now suffering and will continue to suffer irreparable injury from the Defendant's policies, practices, customs and usages.

Wherefore, Plaintiffs and Class Plaintiffs respectfully request this Court grant a permanent injunction enjoining Defendants STEPHANIE C. KOPELOUSOS, in her official and individual capacity, FANEUIL, INC., KEVIN J. THIBAULT, RICHARD D. NELSON, RON RUSSO, BILL GRIMM, DENISE GARCIA, MILISSA BURGER, and FRANKIE A. COOK, and those acting in concert with them, from unlawfully detaining or seizing motorists and passengers and forcing them to provide personal information in exchange for their release, or otherwise violating or interfering with the rights of Plaintiffs and Class Plaintiffs against unreasonable searches and seizures and deprivations of liberty without due process of law pursuant to the Fourth and Fourteenth

Amendments, together with costs, attorney's fees and any other relief as deemed just and proper under the circumstances.

<u>**COUNT II – VIOLATION OF 42 U.S.C. § 1983**</u>

**By JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER individually, and Class Plaintiffs against Defendant FANEUIL**

44.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

45.     Defendant FANEUIL, by jointly engaging with officials of FDOT in the practice of unlawfully detaining motorists and passengers on the Turnpike System until such motorists provided personal information, acted under the color of law.

46.     Plaintiffs possess constitutional rights under the Fourth Amendment against unreasonable searches and seizures and under the Fourteenth Amendment against deprivations of liberty without due process of law.

47.      Putative class members likewise possess constitutional rights under the Fourth and Fourteenth Amendments against unreasonable searches and seizures and deprivations of liberty without the due process of law.

48.     Defendant FANEUIL detained or seized Plaintiffs as well as other motorists and passengers without their consent or legal justification and forced them to provide personal information in exchange for their release, in violation of Plaintiffs' and Class Plaintiffs' Fourth and Fourteenth Amendment rights.

49.     Plaintiffs and Class Plaintiffs have suffered damages as a result of Defendant FANEUIL's actions.

50.     Plaintiffs and Class Plaintiffs are entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Wherefore, Plaintiffs and Class Plaintiffs demand judgment for damages against Defendant FANEUIL, including attorney's fees, court costs, interest, and any other relief as deemed just and proper under the circumstances.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983

**By JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER individually, and Class Plaintiffs against FDOT Defendants Individually**

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

52.     FDOT Defendants Individually, as employees of FDOT, acted under the color of law.

53.     FDOT Defendants Individually, personally participated in the violation of Plaintiffs' and class members constitutional rights by (1) creating, revising, approving, protecting, implementing, or taking part in the FDOT policy requiring unlawful detentions of motorists and their passengers and forcing them to provide personal information in exchange for their release, (2) directing or instructing toll facility personnel to conduct said detentions, or (3) managing, directly or indirectly, FDOT and FANEUIL employees who conducted the unlawful detentions, and failing to take any action to stop them.

54.     Plaintiffs possess constitutional rights under the Fourth Amendment against unreasonable searches and seizures and under the Fourteenth Amendment against deprivations of liberty without due process of law.

55.     Putative class members likewise possess constitutional rights under the Fourth and Fourteenth Amendments against unreasonable searches and seizures and deprivations of liberty without the due process of law.

56.     FDOT Defendants Individually, detained or caused Plaintiffs as well as other class members to be detained, without consent or legal justification, and forced them to provide personal information in exchange for their release in violation of Plaintiffs' and Class plaintiffs' Fourth and Fourteenth Amendment rights.

57.     Plaintiffs and Class Plaintiffs have suffered damages as a result of Defendants' actions.

58.     Plaintiffs and Class Plaintiffs are entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Wherefore, Plaintiffs and Class Plaintiffs demand judgment for damages against Defendants STEPHANIE C. KOPELOUSOS, individually, KEVIN J. THIBAULT, individually, RICHARD D. NELSON, individually, RON RUSSO, individually, BILL GRIMM, individually, DENISE GARCIA, individually, MILISSA BURGER, individually, and FRANKIE A. COOK, individually, including attorney's fees, court costs, interest, and any other relief as deemed just and proper under the circumstances.

## COUNT IV – FALSE IMPRISONMENT

**By JOEL E. CHANDLER, DEBORAH S. CHANDLER, and ROBERT S. CHANDLER individually, and Class Plaintiffs against Defendant FANEUIL and FDOT Defendants Individually**

59.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

60.     On numerous occasions, Plaintiffs, as motorists and passengers, travelled on Florida's Turnpike system and provided sufficient legal tender to pay the toll.

61.     Over a four year period, on numerous occasions, Class Plaintiffs also travelled on Florida's Turnpike system as motorists and passengers, where sufficient legal tender was provided to pay the toll.

62.     Defendant FANEUIL and FDOT Defendants Individually, on numerous occasions, without determining whether Plaintiffs had provided valid or sufficient payment, in front of Plaintiffs' passengers, drivers, and other motorists, toll operators, unlawfully detained Plaintiffs by keeping the barrier down to prevent them from leaving the plaza.

63.     Over a four year period, Defendant FANEUIL and FDOT Defendants Individually, on numerous occasions, without determining whether Class Plaintiffs had provided valid or sufficient payment, in front of Class Plaintiffs' passengers, drivers, and other motorists, toll operators, unlawfully detained Class Plaintiffs by keeping the barrier down to prevent Class Plaintiffs from leaving the plaza.

64.     Plaintiffs knew they were not free to leave the toll plaza.  Going forward was controlled and blocked by toll operators and supervisors, going backward was illegal as well as blocked by other vehicles, all other directions were blocked, leaving the vehicle was unsafe, and would have meant abandoning valuable property.

65.     Class Plaintiffs also knew they were not free to leave the toll plaza.  Going forward was controlled and blocked by toll operators and supervisors, going backward was illegal as well as blocked by other vehicles, all other directions were blocked, leaving the vehicle was unsafe, and would have meant abandoning valuable property.

66.     The toll operators then forced Plaintiffs to provide personal information by filling out, or waiting until a form called a Bill Detection Report was filled out, prior to releasing Plaintiffs, the vehicle, and passengers.

67.    Toll operators also forced Class Plaintiffs to provide personal information by filling out, or waiting until a form called a Bill Detection Report was filled out, prior to releasing Class Plaintiffs, the vehicle, and passengers.

68.    As a direct and proximate result of plaintiff's unlawful detentions, Plaintiffs were damaged.

69.    As a direct and proximate result of plaintiff's unlawful detentions, Class Plaintiffs are entitled to damages.

70.    Defendant FANEUIL and FDOT Defendants Individually participated in Plaintiffs' and class members unlawful detentions by (1) creating, revising, approving, protecting, implementing, or taking part in the FDOT policy requiring detentions of motorists and their passengers and forcing them to provide personal information in return for their release, (2) directing or instructing toll facility personnel to conduct said unlawful detentions, or (3) managing, directly or indirectly, FDOT and FANEUIL employees who conducted the unlawful detentions, and failing to take any action to stop them.

Wherefore, Plaintiffs and Class Plaintiffs request judgment against Defendants FANEUIL, STEPHANIE C. KOPELOUSOS, individually, KEVIN J. THIBAULT, individually, RICHARD D. NELSON, individually, RON RUSSO, individually, BILL GRIMM, individually, DENISE GARCIA, individually, MILISSA BURGER, individually, and FRANKIE A. COOK, individually, for damages in a sum within the jurisdictional limits of this court, together with court costs, and any other relief deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs and Class Plaintiffs further demand a trial by jury on all issues so triable.

VALENTI CAMPBELL TROHN
TAMAYO & ARANDA, P.A.

BY: _____

James C. Valenti
Florida Bar No. 766135
Hank B. Campbell
Florida Bar No. 434515
William T. McKinley
Florida Bar No. 51115
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Plaintiffs

00039223-3

FURTHER AFFIANT SAYETH NOT
DATED THIS _7_ DAY OF _February_, 2011

_Joel E. Chandler_

Joel E. Chandler

STATE OF FLORIDA
COUNTY OF POLK

BEFORE ME, the undersigned authority, on this _7th_ day of _February_ 2011, personally appeared, Joel E. Chandler who is personally known by me or who produced _C534 425 64 044_ as identification, and who, after being duly sworn, deposes and says that he is a Plaintiff in the cause at issue, has read the foregoing Complaint and the allegations of same are true and correct based upon his personal knowledge.

SWORN TO AND SUBSCRIBED before me this _7th_ day of _Feb_, 2011.

NOTARY PUBLIC

_Harris_

PRINTED NAME
NOTARY STAMP/SEAL

JUDY HARRIS
MY COMMISSION # EE 035488
EXPIRES: October 18, 2014
Bonded Thru Notary Public Underwriters

00039223-3

FURTHER AFFIANT SAYETH NOT

DATED THIS _7ᵗʰ_ DAY OF _February_, 2011



Robert S. Chandler

STATE OF FLORIDA
COUNTY OF POLK

BEFORE ME, the undersigned authority, on this _7ᵗʰ_ day of _February_ 2011, personally appeared, Robert S. Chandler who is personally known by me or who produced _C634 77 82 176_ as identification, and who, after being duly sworn, deposes and says that he is a Plaintiff in the cause at issue, has read the foregoing Complaint and the allegations of same are true and correct based upon his personal knowledge.

SWORN TO AND SUBSCRIBED before me this _7ᵗʰ_ day of _Feb_ , 2011.

NOTARY PUBLIC

PRINTED NAME
NOTARY STAMP/SEAL

JUDY HARRIS
MY COMMISSION # EE 035488
EXPIRES: October 18, 2014
Bonded Thru Notary Public Underwriters

00039223-3

**Page 22 of 22**

FURTHER AFFIANT SAYETH NOT.
DATED THIS ___7___ DAY OF _____Feb_____, 2011

_____
Deborah S. Chandler

STATE OF FLORIDA
COUNTY OF POLK

   BEFORE ME, the undersigned authority, on this __7ᵗʰ__ day of __Feb__,
2011, personally appeared, Deborah S. Chandler who is personally known by me or
who produced _C534 164 66 593_ as identification, and who, after being duly sworn,
deposes and says that she is a Plaintiff in the cause at issue, has read the foregoing
Complaint and the allegations of same are true and correct based upon her personal
knowledge.

   SWORN TO AND SUBSCRIBED before me this __7ᵗʰ__ day of __Feb__, 2011.

NOTARY PUBLIC

_____
PRINTED NAME
NOTARY STAMP/SEAL

JUDY HARRIS
MY COMMISSION # EE 035488
EXPIRES: October 18, 2014
Bonded Thru Notary Public Underwriters

00039223-3

**Page 21 of 22**